BETH W. PETRONIO, *pro hac vice forthcoming*
beth.petronio@klgates.com
K&L GATES LLP
1717 Main Street, Suite 2800
Dallas, TX 75201
Telephone:  (214) 939-5815
Facsimile:   (214) 939-5849

JASON N. HAYCOCK (SBN 278983)
jason.haycock@klgates.com
JONATHAN THEONUGRAHA (SBN 306812)
jonathan.theonugraha@klgates.com
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone:  (415) 882-8200
Facsimile:   (415) 882-8220

Attorneys for Defendant
TYLER TECHNOLOGIES, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF KERN,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>TYLER TECHNOLOGIES, INC., and DOES 1 THROUGH 20, inclusive,<br><br>　　　　　Defendants. | Case No.<br><br>**DEFENDANT TYLER TECHNOLOGIES, INC.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441 – DIVERSITY JURISDICTION**<br><br>(Kern County Superior Court<br>Case No. BCV-20-101197)<br><br><br>Complaint Filed:　May 18, 2020<br>Trial Date:　　　　TBD |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Tyler Technologies, Inc. ("Tyler" or "Defendant") hereby removes the above-entitled action (the "State Court Action") from the Superior Court of the State of California for the County of Kern, to the United States District Court for the Eastern District of California. Defendant provides the following short and plain statement on the grounds for removal:

**I.   JURISDICTION**

1. The State Court Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction) and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

**II.   PROCEDURAL HISTORY**

2. On May 18, 2020, Plaintiff County of Kern ("Kern" or "Plaintiff") filed an unverified complaint (the "Complaint") against Defendant in the State Court Action, entitled *County of Kern vs. Tyler Technologies, Inc., and DOES 1 through 20, inclusive*, Case Number BCV-20-101197.

3. Plaintiff served Defendant with a copy of Summons and Complaint on May 21, 2020. A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit 1**. The Summons and Complaint attached hereto as **Exhibit 1** constitute all the process, pleadings, and orders served upon Defendant. *See* 28 U.S.C. § 1446(a).

**III.   CITIZENSHIP OF THE PARTIES**

4. In the Complaint, Plaintiff alleges that it "is, and at all times herein mentioned was, a political subdivision of the state of California." Complaint, ¶ 1. Thus, Plaintiff is a citizen of the State of California. *Moor v. Alameda Cty.*, 411 U.S. 693, 717-78 (1973) (holding that a political subdivision of a State is a citizen of the State for diversity purposes).

5. Defendant Tyler was and is a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of Texas. Complaint, ¶ 2. Defendant Tyler is therefore a citizen of Delaware and Texas, but not a citizen of California.

6. No other defendants have been named or served in the State Court Action.

7. Plaintiff is a citizen of the State of California. Defendant Tyler is a citizen of Delaware and Texas and is not a citizen of the State of California. Accordingly, complete diversity of citizenship exists between Plaintiff and Defendant both as of the time the action was commenced in state court and as of the time of this removal.

8. Although the Complaint names DOE defendants sued under fictitious names, pursuant to 28 U.S.C. § 1441(b), the citizenship of defendants sued under fictitious names is disregarded for purposes of removal jurisdiction. *See Newcombe v. Adolf Coors Co.* 157 F3d 686, 690-91 (9th Cir. 1998). Thus, the naming of DOE defendants 1 through 20, inclusive, does not deprive this Court of jurisdiction.

**IV.    AMOUNT IN CONTROVERSY**

9. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

10. Defendant can establish the necessary amount in controversy based on the allegations in the Complaint, or by setting forth facts in the notice of removal that demonstrate that the amount placed in controversy by Plaintiff exceeds the jurisdictional minimum. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

11. The Complaint alleges seven causes of action: (1) Breach of Contract, (2) Intentional Misrepresentation, (3) Concealment, (4) Violation of California Business and Professions Code § 17200, (5) Violation of the California False Claims Act, (6) Negligence, and (7) Declaratory Relief.

12. Each cause of action is rooted in Plaintiff's allegations that Defendant failed to provide an integrated criminal justice software system pursuant to a Software License and Professional Services Agreement. Complaint, ¶¶ 5-6, 33-35.

13. The Complaint alleges that as a result of Defendant's alleged breach of that agreement, Plaintiff has paid "over $4.2 million for a non-integrated, non-operational, non-functional and unusable information system and lost over $9 million dollars of [Plaintiff's] employee time." Complaint, ¶ 35.

14. In addition, Plaintiff seeks punitive damages, attorney's fees, costs, and interest. Complaint, ¶¶ 35, 44, 53, 60, 68, 76, 82; p. 19:8-22; *see also White v. FCI USA, Inc.*, 319 F.3d 672, 675-76 (5th Cir. 2003) (affirming district court finding that amount-in-controversy satisfied based, in part, on "lengthy list of compensatory and punitive damages . . . combined with attorney's fees[.]").

15. Although Defendant denies all liability alleged in the Complaint, it is "facially apparent" from the Complaint that the amount in controversy significantly exceeds $75,000. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377. Therefore, removal is appropriate and proper.

## V. REMOVAL PROCEDURE

16. **The Removal Venue is Proper.** Removal to the United States District Court for the Eastern District is proper because the Complaint was filed in the Superior Court of the State of California for the County of Kern, which is located within the jurisdiction of this District. 28 U.S.C. § 1446(a); E.D. Cal. R. 120(d).

17. **The Removal is Timely.** This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days of Plaintiff serving Defendant with the initial pleading on May 21, 2020.

18. **Notice to Plaintiff and State Court.** Pursuant to 28 U.S.C. § 1446(d), Defendant is filing written notice of this removal with the Superior Court of the State of California for the County of Kern concurrently with the filing of this Notice, and will serve that notice on Plaintiff. A copy of the notice to be filed in state court is attached as **Exhibit 2**.

**WHEREFORE**, Plaintiff's Complaint is removable to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Defendant hereby removes this action from the Superior Court of the State of California for the County of Kern, to the United States District Court for the Eastern District of California, and respectfully request this Court proceed with the matter as if it had been filed originally herein.

///
///
///
///

**K&L GATES LLP**

Dated:  June 19, 2020        By:  */s/ Jason N. Haycock*
                                  BETH W. PETRONIO
                                  JASON N. HAYCOCK
                                  JONATHAN THEONUGRAHA

                                  Attorneys for Defendant
                                  TYLER TECHNOLOGIES, INC.