# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **COUNTY OF KERN ,** | **No.  1:20–CV–00853–AWI–JDP** |
| Plaintiff(s), | |
| v. | **ORDER SETTING MANDATORY SCHEDULING CONFERENCE** |
| **TYLER TECHNOLOGIES, INC.,** | **DATE:   November 19, 2020** |
| Defendant(s). | **TIME:   10:30 AM** |

_____ /

Rule 16 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") requires the court to enter a scheduling conference order within 90 days of the date when the complaint is served on defendant. Therefore, you are ordered to appear at a telephonic scheduling conference (dial–in number: 1–888–204–5984; passcode: 4446176) before U.S. Magistrate Judge Jeremy D. Peterson.

The court is unable to conduct a scheduling conference until the defendant(s) has/have been served with the summons and complaint. Accordingly, plaintiff(s) shall diligently pursue service of summons and complaint and dismiss those defendants against whom plaintiff(s) will not pursue claims. Plaintiff(s) shall promptly file proof(s) of service of the summons and complaint so the court has a record of service. Counsel are referred to Fed. R. Civ. P., Rule 4, regarding timely service of the complaint. Failure to effect timely service of summons and complaint may result in the imposition of imposition of sanctions, including dismissal of unserved defendants.

/////

1       Per Rule 16, this order may be served on counsel for plaintiff(s) before appearances of

2  defendant(s) are due.  It is the obligation of counsel for plaintiff(s) to serve a copy of this order on

3  defendant(s), or, if identified, on their counsel, promptly upon receipt of this order, and to file an

4  an appropriate proof of such service with the court, in compliance with Rule 135(a) of the Local Rules

5  of Practice for the Eastern District of California ("Local Rules").

6       Participation in the scheduling conference is mandatory for any party not represented by

7  counsel.  Only counsel who are thoroughly familiar with the facts and the law of the instant case, and

8  who have full authority to bind their clients, shall appear.  Trial counsel should participate in the

9  scheduling conference whenever possible.  The conference may last as long as 45 minutes.

10       A joint scheduling report, prepared and executed by all counsel and pro se parties, shall be

11  electronically filed in CM/ECF one full week prior to the scheduling conference and shall be emailed

12  in Microsoft Word format, to jdporders@caed.uscourts.gov.  For reference purposes, the caption

13  of the joint scheduling report should include the date and time of the scheduling conference.  Counsel

14  are to discuss settlement thoroughly with their clients and with each other before drafting the joint

15  scheduling report.  If the case is settled, promptly inform the court.  Counsel are expected to comply

16  with the requirements of this order even if settlement negotiations are progressing, unless a notice of

17  settlement is filed pursuant to Local Rule 160, in which case a joint scheduling report and participation

18  in the scheduling conference will not be required.

19       At least twenty days prior to the scheduling conference, trial counsel for all parties shall

20  conduct and conclude a conference at a time and place arranged by counsel for plaintiff(s).  This

21  conference may be in person or telephonic.

22  **Form and Contents of Joint Scheduling Report**

23       Joint scheduling reports are to be e−mailed, in Microsoft Word format, to

24  jdporders@caed.uscourts.gov.  The joint scheduling report shall address the following topics in

25  corresponding numbered paragraphs:

26     1.    **Overview.**  Brief overview of the factual and legal contentions set forth in the

27  pleadings of each party, including the relief sought by plaintiff.

28  */////*

2.      **Deadline for amendments.**  A proposed deadline for amendments to pleadings. Any proposed amendment to the pleadings presently on file shall be filed by its proponent contemporaneously with the scheduling conference report.  If the matter cannot be resolved at the scheduling conference, the matter will be set as a motion to amend in accordance with the Local Rules.

3.      **Factual summary.**  A summary of uncontested and contested facts.

4.      **Legal issue summary.**  A summary of the legal issues that are undisputed– *e.g.*, jurisdiction, venue, applicable federal or state law–as well as a summary of any disputed legal issues.

5.      **Procedural status.**  The status of all matters that are presently set before the court– *e.g.*, hearings of all motions.

6.      **Discovery plan.**  A complete and detailed discovery plan addressing at least the following:

a.   A deadline for the exchange of initial disclosures required by Fed. R. Civ. P. 26(a)(1) or a statement that disclosures have already been exchanged;

b.   a deadline for the close of non–expert discovery;

c.   a deadline for disclosure of expert witnesses as required by Fed. R. Civ. P. 26(a)(2);

d.   a deadline for expert witness discovery;

e.   any proposed changes to the limits on discovery imposed by Fed. R. Civ. P. 26(b); 30(a)(2)(A), (B); 30(d); or 33(a);

f.   whether the parties anticipate the need for a protective order shielding any information subject to discovery–such as trade secrets or other protected commercial information;

g.   any issues or proposals relating to the timing, sequencing, phasing or scheduling of discovery;

h.   whether the parties anticipate the need to take discovery outside the United States and, if so, a description of the proposed discovery;

i.   whether any party anticipates video and/or sound recording of depositions; and

j.   whether the parties foresee a need for a mid–discovery status report and conference and, if so, a proposed date for such a conference.

7.     **Discovery relating to electronic, digital, and magnetic data.**  Prior to a Fed. R. Civ. P. 26(f) conference, counsel must investigate their respective clients' information management systems and become familiar with their operation, including how information is stored and how it can be retrieved.  Counsel must also conduct a reasonable review of their respective clients' computer files to ascertain the contents thereof, including archival and legacy data (outdated formats or media), and disclose in initial discovery (self–executing routine discovery) the computer–based evidence that may be used to support claims or defenses.  A party seeking discovery of computer–based information must notify the opposing party immediately, but no later than the Fed. R. Civ. P. 26(f) conference, of that fact and identify as clearly as possible the categories of information that may be sought.

8.     **Duty to Meet and Confer.**  The parties must discuss the following matters during the Fed. R. Civ. P. 26(f) conference:

a.     **Computer–based information (in general).**  The parties shall attempt to agree on steps they will take, by specific dates, to segregate and preserve computer–based information.

b.     **E–mail.**  The parties shall attempt to agree on the scope of e–mail discovery and an e–mail search protocol.  The parties shall discuss how they will handle metadata.  The parties shall attempt to reach an agreement regarding inadvertent production of privileged information contained in e–mail.

c.     **Deleted information.**  The parties shall attempt to agree whether restoration of deleted information is necessary, the extent to which it is necessary, and who will bear the costs of such restoration.

d.     **Back–up data.**  The parties shall attempt to agree whether back–up data is necessary, the extent to which it is needed, and who will bear the costs of obtaining back–up data.

9.     **Agreed–upon dates.**  Counsel shall attempt to agree on proposed dates for the following.  Once established, these dates should be considered firm.  Dates should be set to allow the court to decide any matters under submission before the pre–trial conference.

/////

/////

a.   **Motions.**   Filing non–dispositive and dispositive pre–trial motions, with the understanding that motions, with the exception of trial motions such as motions in limine, will not be entertained after the agreed–upon date, which shall be no later than 10 weeks before the proposed pre–trial conference date.

b.   **Pre–trial conference.**   This date shall be no later than 45 days before the proposed trial date.

c.   **Trial.**

10.   **Settlement.**   At the conference referred to above, counsel are encouraged to discuss settlement, and the joint scheduling report shall address the possibility of settlement.  The parties shall indicate when they desire a settlement conference–*e.g.*, before further discovery, after discovery, after pre–trial motions.

11.   **Jury.**   A statement as to whether the case is a jury or non–jury case.  If the parties disagree as to whether a jury trial has been timely demanded or whether one is available on some or all of the claims, the statement shall include a summary of each party's position.

12.   **Trial length.**   An estimate of the number of trial days is required.  If the parties cannot agree, each party shall give his or her best estimate.  In estimating the number of trial days, the parties should keep in mind that this court is normally able to devote the entire day to trial.

13.   **Consent.**   Whether the parties intend to consent to proceed before a United States magistrate judge.  Presently, when a civil trial is set before the district judges in the Fresno Division, any criminal trial, which conflicts with the civil trial will take priority, even if the civil trial was set first.  Continuances of civil trial under these circumstances may no longer be entertained, absent good cause, but the civil trial may instead trail from day to day or week to week until the completion of either the criminal case or the older civil case.  The parties are advised that they are free to withhold consent or decline magistrate jurisdiction without adverse substantive consequences.

14.   **Procedural proposals.**   Whether either party requests bifurcation or phasing of trial or has any other suggestion for shortening or expediting discovery, pre–trial motions, or trial.

15.   **Related matters.**   Whether this matter is related to any matter pending in this court or any other court, including bankruptcy court.

**Chambers Information**

The parties are directed to the court's website at www.caed.uscourts.gov for specific information regarding court procedures.  Select "U.S. Magistrate Judge Jeremy D. Peterson" from the "Judges" and "All Judges" tab and then click on "Civil Procedures" under the "Case Management Procedures" heading.

Should counsel or a party appearing pro se fail to appear at the mandatory scheduling conference, or fail to comply with the directions as set forth above, an ex parte hearing may be held. At such hearing, a judgment of dismissal, default, or other appropriate type may be entered, and sanctions, including contempt of court, may be imposed.

DATED:   June 22, 2020

UNITED STATES MAGISTRATE JUDGE