EILEEN R. RIDLEY, CA Bar No. 151735
   eridley@foley.com
ALAN R. OUELLETTE, CA Bar No. 272745
   aouellette@foley.com
JAIME DORENBAUM, CA Bar No. 289555
   jdorenbaum@foley.com
**FOLEY & LARDNER LLP**
555 CALIFORNIA STREET
SUITE 1700
SAN FRANCISCO, CA 94104-1520
TELEPHONE: 415.434.4484
FACSIMILE:   415.434.4507

MARGO A. RAISON, COUNTY COUNSEL
**COUNTY OF KERN, STATE OF CALIFORNIA**
By:  Andrew C. Thomson, Chief Deputy (SBN 149057)
Kern County Administrative Center
1115 Truxtun Avenue, Fourth Floor
Bakersfield, CA 93301
Telephone:  661.868.3800
Facsimile:  661-868-3805

Attorneys for Plaintiff
County of Kern

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF KERN,<br><br>        Plaintiff,<br><br>    v.<br><br>TYLER TECHNOLOGIES, INC., and DOES 1 THROUGH 20, inclusive,<br><br>        Defendants. | Case No: 1:20-cv-00853-AWI-JDP<br><br>**PLAINTIFF COUNTY OF KERN'S ANSWER AND AFFIRMATIVE DEFENSES TO TYLER TECHNOLOGIES, INC.'S COUNTERCLAIMS**<br><br>Judge: Honorable Anthony W. Ishii<br><br>Complaint Filed: May 18, 2020 |

Plaintiff and Counter-Defendant County of Kern (the "County") hereby provides the following Answer and Affirmative Defenses to the Counterclaims filed by Defendant and Counter-Plaintiff Tyler Technologies, Inc. ("Tyler").

## ANSWER

### PARTIES

1. In response to paragraph 84 of the Counterclaims, the County admits that Tyler is a Delaware corporation with its principal place of business at 5101 Tennyson Parkway, Plano, Texas 95024. Save and except as expressly admitted, the County is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and based on such lack of knowledge or information, denies the remaining allegations of paragraph 84 of the Counterclaims.

2. In response to paragraph 85 of the Counterclaims, the County admits the allegations of paragraph 85 of the Counterclaims.

### JURISDICTION AND VENUE

3. In response to paragraph 86 of the Counterclaims, the County admits the allegations of paragraph 86 of the Counterclaims.

4. In response to paragraph 87 of the Counterclaims, the County admits that venue is proper in this judicial pursuant to 28 U.S.C. § 1391(b) and that the County is located in this judicial district. Save and except as expressly admitted, the County denies the remaining allegations of paragraph 87 of the Counterclaims.

### FACTUAL BACKGROUND

5. In response to paragraph 88 of the Counterclaims, the County admits that the County and Tyler executed a Software License and Professional Services Agreement on May 5, 2015 (the "Agreement"), that under the Agreement Tyler agreed to provide the County with Odyssey Case Manager for the County's criminal justice departments, and that a separate and independent agreement exists pertaining to Odyssey's case management system for the Superior Court of California for the County of Kern, which is in use by the Superior Court of California for the County of Kern. Further, the County refers to the Agreement for its terms, meaning and effect. Save and except as expressly admitted, the County denies the remaining allegations of paragraph 88 of the Counterclaims.

6. In response to paragraph 89 of the Counterclaims, the County is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and based on such lack of knowledge or information, denies the allegations of paragraph 89 of the Counterclaims.

7. In response to paragraph 90 of the Counterclaims, the County refers to the Agreement for its terms, meaning and effect.

8. In response to paragraph 91 of the Counterclaims, the County refers to the Agreement for its terms, meaning and effect.

9. In response to paragraph 92 of the Counterclaims, the County refers to the Agreement for its terms, meaning and effect.

10. In response to paragraph 93 of the Counterclaims, the County refers to the Agreement for its terms, meaning and effect. The County denies the remaining allegations of paragraph 93 of the Counterclaims.

11. In response to paragraph 94 of the Counterclaims, the County refers to the Agreement for its terms, meaning and effect.

12. In response to paragraph 95 of the Counterclaims, the County refers to the Agreement for its terms, meaning and effect.

13. In response to paragraph 96 of the Counterclaims, the County refers to the Agreement for its terms, meaning and effect. The County denies the remaining allegations of paragraph 96 of the Counterclaims.

14. In response to paragraph 97 of the Counterclaims, the County refers to the Agreement for its terms, meaning and effect.

15. In response to paragraph 98 of the Counterclaims, the County admits that the "parties originally contemplated a November 28, 2016 go-live date" for Odyssey. The County admits the County and Tyler entered into Amendment No. 1 to the Agreement (the "Amendment") in September 2017. The County refers to the Agreement and Amendment for their terms, meaning and effect. The County denies the remaining allegations of paragraph 98 of the Counterclaims.

16. In response to paragraph 99 of the Counterclaims, the County denies the allegations of paragraph 99 of the Counterclaims.

17.	In response to paragraph 100 of the Counterclaims, the County admits that it sent correspondence dated August 28, 2018 to Tyler.  The County refers to that correspondence for its terms, meaning and effect.  The County denies the remaining allegations of paragraph 100 of the Counterclaims.

18.	In response to paragraph 101 of the Counterclaims, the County admits that it sent correspondence dated November 6, 2018 to Tyler.  The County refers to that correspondence for its terms, meaning and effect.  The County is without knowledge or information sufficient to form a belief as to the truth of the allegation that "Tyler spent significant time analyzing the allegedly open items on Kern's list," and based on such lack of knowledge or information, denies the allegation.  Further, the County denies the remaining allegations of paragraph 101 of the Counterclaims.

19.	In response to paragraph 102 of the Counterclaims, the County admits that the County and Tyler participated in meetings in December 2018.  The County is without knowledge or information sufficient to form a belief as to the truth of the allegation that "Tyler believed the parties had agreed to a cohesive game plan and that Kern was fully bought in on moving forward to complete the implementation," and based on such lack of knowledge or information, denies the allegation.  Further, the County denies the remaining allegations of paragraph 102 of the Counterclaims.

20.	In response to paragraph 103 of the Counterclaims, the County admits that it sent email correspondence dated March 12, 2019 to Tyler.  The County refers to that correspondence for its terms, meaning and effect.  The County is without knowledge or information sufficient to form a belief as to the truth of the allegation that "Tyler unexpectedly received" the email, and based on such lack of knowledge or information, denies the allegation.  Further, the County denies the remaining allegations of paragraph 103 of the Counterclaims.

21.	In response to paragraph 104 of the Counterclaims, the County admits that it sent correspondence dated March 15, 2019 to Tyler.  The County refers to that correspondence for its terms, meaning and effect.  The County denies the remaining allegations of paragraph 104.

22.	In response to paragraph 105 of the Counterclaims, the County admits that it sent correspondence dated May 3, 2019 to Tyler.  The County refers to that correspondence for its terms, meaning and effect.

23. In response to paragraph 106 of the Counterclaims, the County admits that it "attended various meetings" with representatives of Tyler. Save and except as expressly admitted, the County denies the remaining allegations of paragraph 106 of the Counterclaims.

24. In response to paragraph 107 of the Counterclaims, the County admits that it filed its Complaint on May 18, 2020 and that it is seeking, without limitation, repayment of over $4.2 million that the County paid to Tyler, over $9 million in consequential damages, punitive damages, treble damages, and attorney's fees. Save and except as expressly admitted, the County denies the remaining allegations of paragraph 107 of the Counterclaims.

**COUNT I – BREACH OF CONTRACT**

25. In response to paragraph 108 of the Counterclaims, the County realleges and incorporates paragraphs 1 to 24 of this Answer as if fully set forth herein.

26. In response to paragraph 109 of the Counterclaims, the County admits that the Agreement entered into between the County and Tyler was a valid, binding, and enforceable contract. Save and except as expressly admitted, the County denies the remaining allegations of paragraph 109 of the Counterclaims.

27. In response to paragraph 110 of the Counterclaims, the County denies the allegations of paragraph 110 of the Counterclaims.

28. In response to paragraph 111 of the Counterclaims, the County denies the allegations of paragraph 111 of the Counterclaims.

29. In response to paragraph 112 of the Counterclaims, the County denies the allegations of paragraph 112 of the Counterclaims.

**COUNT II – DECLARATORY RELIEF**

30. In response to paragraph 113 of the Counterclaims, the County realleges and incorporates paragraphs 1 to 29 of this Answer as if fully set forth herein.

31. In response to paragraph 114 of the Counterclaims, the County states that paragraph 114 calls for a legal conclusion that is not subject to admission or denial. To the extent that a further response is required, the County admits that "[a]n actual controversy and dispute exists between Kern and Tyler concerning their respective rights pursuant to the terms and conditions of the Agreement" and

that "[a] judicial declaration is necessary and desirable at this time so that the parties can understand their respective rights, duties and obligations" for the reasons set forth in the County's claim for declaratory relief against Tyler in the County's Complaint.  The County otherwise denies the allegations of paragraph 114 of the Counterclaims.

32. In response to paragraph 115 of the Counterclaims, the County denies the allegations of paragraph 115 of the Counterclaims.

33. In response to paragraph 116 of the Counterclaims, the County denies the allegations of paragraph 116 of the Counterclaims.

## PRAYER FOR RELIEF

34. Defendant denies that Plaintiffs are entitled to any relief prayed for in the Counterclaims.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure To State A Claim)

The County asserts and alleges that the Counterclaims fail to set forth facts sufficient to constitute a claim upon which relief can be granted against the County.

## SECOND AFFIRMATIVE DEFENSE

### (Failure To Comply With California Tort Claims Act)

The County asserts and alleges that Tyler is barred from recovery on the Counterclaims on the ground that Tyler failed to comply with the California Tort Claims Act and the Counterclaims are time-barred.

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel/Ratification/Waiver)

The County asserts and alleges that the Counterclaims are barred in whole or in part by the doctrines of estoppel, ratification and/or waiver.

## FOURTH AFFIRMATIVE DEFENSE

### (Set-Off/Recoupment)

The County asserts and alleges that the Counterclaims are barred in whole or in part by the doctrines of set-off and/or recoupment.

## FIFTH AFFIRMATIVE DEFENSE

### (Full Performance)

The County asserts and alleges that the Counterclaims are barred, in whole or in part, because the County's alleged obligations, if any, have been fulfilled and discharged in full by the County.

## SIXTH AFFIRMATIVE DEFENSE

### (Excuse, Failure of Condition)

The County asserts and alleges that the Counterclaims are barred in whole or in part because performance under the contracts in the Counterclaims was excused and/or was not required due to the failure of a condition precedent, concurrent and/or subsequent by Tyler.

## SEVENTH AFFIRMATIVE DEFENSE

### (Material Breach)

The County asserts and alleges that the Counterclaims are barred in whole or in part because performance under the contracts in the Counterclaims was excused and/or was not required due to Tyler's material breaches of the contracts.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

The County asserts and alleges that Tyler would be unjustly enriched if allowed to recover on the Counterclaims.

## NINTH AFFIRMATIVE DEFENSE

### (No Causation)

The County asserts and alleges that the Counterclaims are barred in whole or in part because the County did not cause—actually or legally—any of Tyler's alleged damages.

## TENTH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

The comparative negligence of Tyler is a superseding or intervening cause of their alleged losses, detriments, injuries or damages. Tyler's negligent conduct bars or diminishes any recovery by Tyler.

///

### ELEVENTH AFFIRMATIVE DEFENSE

### (Failure To Mitigate)

The County asserts and alleges that the Counterclaims are barred in whole or in part because Tyler failed to mitigate any alleged damages.

### TWELFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The County asserts and alleges that the Counterclaims are barred in whole or in part under the doctrine of unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Bad Faith)

The County asserts and alleges that the Counterclaims are barred in whole or in part due to Tyler's breach of the covenant of good faith and fair dealing under the contracts at issue.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Reservation)

The County reserves the right to subsequently assert and add affirmative defenses to the Counterclaims, and any part and/or whole thereof, as they become known to the County.

### PRAYER FOR RELIEF

WHEREFORE, the County prays for relief as follows:

1. That Tyler take nothing by way of its Counterclaims;
2. That Judgment be entered in favor of the County;
3. That the County be awarded its costs of suit and attorneys' fees, as permitted by law; and
4. For such other and further relief as the Court deems just and proper.

| | |
|---|---|
| 1  DATED: July 17, 2020 | **FOLEY & LARDNER LLP** |
| 2 | EILEEN R. RIDLEY |
|   | ALAN R. OUELLETTE |
| 3 | JAIME DORENBAUM |

By: */s/* Eileen R. Ridley
EILEEN R. RIDLEY
Attorneys for Plaintiff
COUNTY OF KERN

MARGO A. RAISON, COUNTY COUNSEL
ANDREW C. THOMSON, CHIEF DEPUTY
Attorneys for Plaintiff
COUNTY OF KERN