EILEEN R. RIDLEY, CA Bar No. 151735
   eridley@foley.com
ALAN R. OUELLETTE, CA Bar No. 272745
   aouellette@foley.com
JAIME DORENBAUM, CA Bar No. 289555
   jdorenbaum@foley.com
**FOLEY & LARDNER LLP**
555 CALIFORNIA STREET
SUITE 1700
SAN FRANCISCO, CA 94104-1520
TELEPHONE: 415.434.4484
FACSIMILE:   415.434.4507

MARGO A. RAISON, COUNTY COUNSEL
**COUNTY OF KERN, STATE OF CALIFORNIA**
By:  Andrew C. Thomson, Chief Deputy (SBN 149057)
Kern County Administrative Center
1115 Truxtun Avenue, Fourth Floor
Bakersfield, CA 93301
Telephone:  661.868.3800
Facsimile:  661-868-3805

Attorneys for Plaintiff
County of Kern

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF KERN, | Case No: 1:20-cv-00853-AWI-JDP |
| Plaintiff, | **JOINT RULE 26(f) REPORT** |
| v. | |
| TYLER TECHNOLOGIES, INC., | **SCHEDULING CONFERENCE** |
| Defendant. | Date: November 19, 2020<br>Time: 10:30 AM<br>Magistrate Judge: Hon. Jeremy D. Peterson |

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Plaintiff and Counter-Defendant County of Kern (the "County") and Defendant and Counter-Claimant Tyler Technologies, Inc. ("Tyler") hereby submit their Joint Rule 26(f) Report.  This Joint Rule 26(f) Report follows a telephonic conference conducted by counsel for the County and Tyler on October 27, 2020.

1. **Overview**

    *Plaintiff's Statement*:

    This action arises out of Tyler's breach of a Software License and Professional Services Agreement (the "Agreement") and a subsequent Amendment to the Agreement, as well as Tyler's fraudulent representations, omissions, and billing practices.  Tyler agreed to install, implement, and service an integrated information system, known as Odyssey Case Manager ("Odyssey"), throughout the County's criminal justice divisions, and to grant a license for the use of the same to the County.  The County's criminal justice divisions are comprised of the County's Sheriff's Office, Probation Department, Jail, District Attorney's Office, and Public Defender's Office.

    After years of working on the project and collecting over $4.2 million from the County for its services and in licensing fees, Tyler breached the Agreement and Amendment by failing to deliver Odyssey in an operational, integrated and useable form.  The County further contends that Tyler knew that it would never be able to delivery Odyssey to the County in an operational, integrated, and useable form, yet made representations to the contrary to the County and actively concealed the truth from the County.  Tyler made these representations in order to induce the County to enter into the Amendment, prolong the duration of Tyler's work under the Agreement and Amendment, and increase its billings to the County at the expense of the County, its taxpayers and the public. The County further alleges that Tyler submitted false claims to the County within the meaning of the California False Claims Act by submitting invoices to the County for services that were not completed and were not intended to result in the implementation and integration of Odyssey.

    The Complaint alleges claims for breach of contract, intentional misrepresentation, concealment, violations of California Business & Professions Code Section § 17200, violations of the California False Claims Act, negligence and declaratory relief.  The County seeks over $4.2 million in damages and/or restitution and over $9 million in damages for the loss of County employee time and resources.  The

County also seeks punitive damages, treble damages, civil penalties, attorneys' fees and costs, and interest at the legal rate.

*Defendant's Statement*:

Tyler contends that it fully performed its obligations under the Agreement, denies all allegations of breach of contract, and has asserted counterclaims for breach of contract and declaratory relief against the County.  Tyler has successfully implemented Odyssey systems in hundreds of jurisdictions and was fully capable of successfully implementing Odyssey in the County.  There is no basis to support the County's allegations of breach or to require Tyler to refund the amounts paid for services previously provided pursuant to the Agreement.  Instead, it is the County that materially breached the Agreement by failing to cooperate in the implementation of the project, improperly seeking to terminate the Agreement for "cause" despite its failure to follow the appropriate procedures in the Agreement for identifying and addressing issues during the implementation, and refusing to pay for all outstanding fees incurred for completed or partially completed deliverables, as required by the Agreement.  At this time, the County owes Tyler at least $2,063,788, including $1,721,602 in professional fees and $342,186 in maintenance fees owned pursuant to the Agreement.

With regard to the County's fraud-based claims, Tyler contends that those claims are merely replicas of the County's breach of contract allegations and are an obvious attempt to improperly transform a run-of-the-mill contract dispute into a fraud case.  The fraud claims fail for the same reasons as the County's breach of contract claim.  Finally, even if the County had valid breach claims (it does not), it has no damages.  First, the County's assertion that it is entitled to $9 million of consequential damages is directly contrary to the limitation of liabilities provisions in the parties Agreement.  Second, because the County's termination was without cause, it is not entitled to any refund for prior services rendered. Instead, it continues to be obligated for partially completed services and deliverables.

2. **Deadline for Amendments**

The County's claims for breach of contract and declaratory relief and Tyler's counterclaims for breach of contract and declaratory relief are presently at issue. Tyler filed a motion to dismiss the County's claims for intentional misrepresentation, concealment, violations of California Business & Professions Code Section § 17200, violations of the California False Claims Act and negligence, and the County

opposed that motion.  Tyler's motion to dismiss is currently pending.  If the Court grants Tyler's motion to dismiss in whole or in part, the County will defer to the Court on the appropriateness and timing of any amendments to the Complaint.

The parties agree to a deadline of December 17, 2020 for amendments to all other pleadings.

**3. Factual Summary**

On or about May 5, 2015, the County and Tyler entered into a Software License and Professional Services Agreement for the installation, implementation, and servicing of an integrated information system, known as Odyssey, for the County's criminal justice divisions.  The Agreement also granted a license for the use of the same to the County.

On or about September 12, 2017, the County entered into Amendment No. 1 to the Software License and Professional Services Agreement (the "Amendment"), which added "additional project components" and increased the "maximum reimbursable amount" under the Agreement.

On March 1, 2019, the County issued a "Notice of Breach" of the Agreement to Tyler.  On March 12, 2019, the County issued a "stop work order" to Tyler.  At the time of the stop work order, Odyssey had not gone live.  The County continues to use its legacy information system at the County's criminal justice divisions.  The County paid Tyler over $4.2 million for its services and in license fees under the Agreement and Amendment.  Tyler has invoiced the County for an additional $2,063,788, including $1,721,602 in professional fees and $342,186 in maintenance fees.  As detailed in the parties' pleadings and above, the remaining facts are largely contested.

**4. Legal Issue Summary**

The parties agree that the Court has jurisdiction over the County's claims and Tyler's counterclaims and that venue is appropriate in this Court.  The remaining legal issues are contested:

- Whether Tyler breached its obligations under the Agreement and the Amendment;
- Whether Tyler is liable for fraud or deceit;
- Whether Tyler's conduct was unlawful, unfair or fraudulent within the meaning of California's Unfair Competition Law, Business and Professions Code § 17200;
- Whether Tyler's billing practices constituted a violation of the California False Claims Act;
- Whether Tyler's conduct fell below any applicable standard of care owed to the County;

- Whether the County breached its obligations under the Agreement and the Amendment;
- Whether the County's termination of the Agreement was for "cause";
- Whether the limitation of liabilities provision in the Agreement are enforceable; and
- Whether either party is entitled to declaratory relief in its favor.

### 5. Procedural Status

Tyler's motion to dismiss the County's claims for intentional misrepresentation, concealment, violations of California Business & Professions Code Section § 17200, violations of the California False Claims Act and negligence is fully briefed and currently pending before the Court. The Hon. Anthony W. Ishii took the matter under submission without oral argument on August 5, 2020.

### 6. Discovery Plan

The parties propose the following discovery deadlines:

- Rule 26(a)(1) Initial Disclosures: December 3, 2020.
- Close of Non-Expert Discovery: August 6, 2021.
- Disclosure of Rule 26(a)(2) Expert Witnesses: August 20, 2021.
- Close of Expert Discovery: September 24, 2021.

The parties anticipate the need for a protective order to protect the disclosure of highly sensitive, confidential and/or trade secret information. The parties will submit a Stipulated Protective Order for the Court's review and approval by December 1, 2020.

The parties do not propose any changes to the limits on discovery imposed by Rules 26(b), 30(a)(2)(A) and (B), 30(d), or 33(a). The parties do not anticipate the need to take discovery outside the United States. The parties reserve the right to record some or all of the depositions in this matter through the use of a duly certified videographer. The parties do not foresee the need for a mid-discovery status report and conference at this time.

### 7. Discovery Relating To Electronic, Digital, And Magnetic Data

The parties agree that discovery will entail the collection and production of electronically stored information ("ESI"). Relevant ESI will include emails and information uploaded to and/or stored on a SharePoint site.

///

**8. Duty to Meet and Confer**

The parties confirmed that they preserved computer-based information prior to the initiation of this action, including emails and information stored on a SharePoint site that Tyler hosted.  The parties are in the process of meeting and conferring regarding a mutually-agreeable ESI protocol.  Initially, the parties do not anticipate the need for the production of metadata and agree that the protocol will contain clawback procedures to address the inadvertent production of privileged information.

Further, the parties are in the process of exchanging lists of individuals at the County and Tyler with potentially relevant and discoverable ESI in an effort to arrive at a mutually-agreeable selection of ESI custodians.  The parties are also evaluating whether to employ search terms for the collection and production of ESI.  The parties anticipate finalizing a stipulated ESI protocol by December 11, 2020, which they can provide to the Court for its review and approval if requested.

**9. Agreed-Upon Dates**

The parties propose the following case management deadlines:

- Filing Of Non-Dispositive and Dispositive Pre-Trial Motions: October 8, 2021
- Pre-Trial Conference: November 18, 2021
- Trial: January 10, 2022

**10. Settlement**

The parties conducted a mediation with the Hon. Gail Andler (Ret.) of JAMS on May 6, 2020.  The mediation was unsuccessful.  The parties do not believe that a settlement conference would be productive at this time, but are amenable to setting a settlement conference after the completion of discovery.  The parties suggest that the Court set a settlement conference for 90 days prior to the trial date.

**11. Jury**

The parties agree that a jury trial has been timely demanded and is available on some or all of the claims.

**12. Trial Length**

The parties estimate that trial in this matter will last 10-14 days.

**13. Consent**

Both parties have not consented to proceed before a United States Magistrate Judge.

### 14. Procedural Proposals

The parties do not anticipate requesting bifurcation or phasing of trial. The parties will work diligently to conduct discovery efficiently, but do not otherwise have any specific suggestions for shortening or expediting discovery, pre-trial motions, or trial at this time.

### 15. Related Matters

There are no related matters pending in this Court or any other court.

DATED: November 12, 2020

**FOLEY & LARDNER LLP**
EILEEN R. RIDLEY
ALAN R. OUELLETTE
JAIME DORENBAUM


By: */s/* Eileen R. Ridley
EILEEN R. RIDLEY
Attorneys for Plaintiff
COUNTY OF KERN

MARGO A. RAISON, COUNTY COUNSEL
ANDREW C. THOMSON, CHIEF DEPUTY
Attorneys for Plaintiff
COUNTY OF KERN

DATED: November 12, 2020

**K & L GATES**
BETH W. PETRONIO
JASON N. HAYCOCK
JONATHAN THEONUGRAHA


By: */s/* Beth W. Petronio
BETH W. PETRONIO
Attorneys for Defendant
TYLER TECHNOLOGIES, INC.